MAGNOLIA DEVELOPMENT COMPANY, INC., A NEW JER-
SEY CORPORATION, PLAINTIFF-APPELLANT, v. OMAR
COLES, Sr., MAYOR, AND L. A. PHILLIPS, H. R.
D'AMICO, J. A. GRAHAM, GEORGE STODDART,. HORACE
BLANK, AND WILLIAM BROADWATER, MEMBERS OF
THE BOROUGH COUNCIL OF THE BOROUGH OF MAG-
NOLIA, THE BOROUGH OF MAGNOLIA, IN THE COUNTY
OF CAMDEN, A MUNICIPAL CORPORATION OF THE
STATE OF NEW JERSEY, AND E. P. McALLISTER,
BUILDING INSPECTOR OF SAID BOROUGH OF MAG-
NOLIA, DEFENDANTS-RESPONDENTS.

Argued April 28, 1952—Decided June 16, 1952.

224

*Mr. George D. Rothermel* argued the cause for the appellant.

*Mr. William C. Gotshalk* argued the cause for the respondents (*Mr. Matthew F. Van Istendal, Jr.,* attorney).

The opinion of the court was delivered by

VANDERBILT, C. J.  This is an appeal taken by the plaintiff to the Appellate Division of the Superior Court from a judgment of the Law Division of that court in favor of the defendants and certified here on our own motion.

The facts are not in substantial dispute.  The plaintiff is a corporation engaged in the sale of lots in the defendant borough.  Before the situation occasioning the present litigation arose the plaintiff had presented to the borough council maps for two tracts referred to as sections 1 and 2 of Magnolia Gardens.  These maps were duly approved by the defendant municipality and the plaintiff began to develop the two sections.  Apparently the municipal officials became dissatisfied with the manner in which the property was being developed; they considered that the drainage was improper, that the roads were not properly constructed, that no sidewalks were provided and that the composition of the soil was not suitable for the use of the cesspools that were being installed.  The borough officials seemingly had had little success in inducing the plaintiff to remedy this situation. In these circumstances the plaintiff in June, 1950, submitted to the borough for approval a plat plan for section 3 which concededly complied in all respects with *R. S.* 46:23–1 *et seq.,* relating to the filing and approval of plat plans for newly developed areas.  On August 2, 1950, the governing body of the defendant borough by resolution refused to approve the plat plan on the grounds that "It appears that the Magnolia Development Company does not intend to comply with the desires of the Mayor and Council of the Borough of Magnolia, mainly to install sidewalks, curbs, and gutters and 26 foot compact gravel roadway."

Thereafter, on March 7, 1951, the borough adopted two ordinances. The first of these provided for the imposition of a penalty if land in the borough was sold by reference to a plat plan prior to the approval of the plan by the borough. The second ordinance required a surety completion bond for streets, sidewalks, curbs and other improvements as a condition precedent to the approval of a plat plan by the borough. On the day before the ordinances were passed, the plaintiff instituted this action in lieu of prerogative writ in the Superior Court, demanding: (1) that the resolutions of August 2, 1950, be set aside; and in an amended complaint filed after the adoption of the ordinances, (2) that the defendants approve the plat plan for section 3; (3) that the two ordinances of March 7, 1951, be declared not to operate retroactively on the plaintiff's application for approval of its plat plan; and (4) that the two ordinances of March 7, 1951, be declared void. The trial court denied the plaintiff all relief it sought and from the judgment dismissing the complaint the plaintiff took the present appeal.

■ The defendant borough has no power to deny approval of the plan of section 3 on the grounds stated in the resolution of August 2, 1950, hereinbefore quoted. *R. S.* 46:23–1 *et seq.*, is a statute dealing with maps and plans and their approval and filing. Its purpose is to avoid the confusion in the office of the county register of deeds that would result from the submission of improperly drawn plans and plans having no fixed monuments for use in making surveys. Under this statute a municipality has no power to impose conditions on the approval of a plat plan such as the defendant municipality attempted in this instance to impose on the plaintiff. Indeed, it has been stipulated by the parties that the plaintiff has fully complied with all the provisions of *R. S.* 46:23–1 *et seq.*

■ The defendant seeks to justify its refusal to approve the plaintiff's plat plan for section 3 for the reasons expressed in its resolution of August 2, 1950, hereinbefore quoted, on the grounds that in doing so it was exercising

its police power for the benefit of the health, safety and general welfare of the community. This contention of the defendant is without merit. A municipality has only those powers which are granted to it by statute, albeit those powers by virtue of *Article IV, Section VII, paragraph* 11, of the *Constitution of* 1947 are to be liberally construed:

"The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law."

But the constitutional mandate for the liberal construction of the powers of municipal corporations constitutes no warrant for their imposing conditions on the operation of a statute where the Legislature has not, as it has not here, authorized either expressly or by implication the imposition of such conditions. To permit a municipality to impose conditions outside the statute on the exercise of its statutory powers would inevitably result in the subversion of those powers to purposes never contemplated by the Legislature under the most liberal construction. Here the defendant was not without power to impose conditions on the development of new areas within its boundaries, but such powers have been granted to municipalities by *R. S.* 40:55–1 *et seq.*, relating to local planning boards, and *R.'S.* 40:56–1 *et seq.*, relating to local improvements. These statutes, while granting much power to a municipality in the development of land within its boundaries, also contain many provisions for protecting the property owner and they do not constitute an authorization for a municipality to exercise the powers therein conferred without compliance with the provisions and procedures therein prescribed.

█ Moreover, the ordinance of March 7, 1951, requiring a completion bond for streets, sidewalks, curbs and other

improvements as a condition precedent to the approval of a plat plan, affords no protection to the defendant borough. First, it cannot apply to the plaintiff's application for approval of its plan for section 3 because the plan was submitted for approval in June of 1950 and the ordinance was not passed until the following March. When the plat plan was submitted it concededly complied with all the requirements of the statute then in effect with respect to the filing of such plans. Secondly, even if the ordinance in question had retroactive effect, which it does not, it would still be invalid. If the defendant borough desires to exercise its police powers with respect to the regulation of new developments within its boundaries, it must do so within the framework of the statutes provided for such purposes, namely *R. S.* 40:55–1 *et seq.,* and *R. S.* 40:56–1 *et seq., supra.* The defendant municipality has sought to exercise powers accorded to it under these statutes without resorting to them and without giving taxpayers the protection they are afforded thereby. This it cannot do. For the same reason the other ordinance imposing a penalty on the sale of land in the borough by reference to a plat plan without prior approval of the plan by the borough is *ultra vires* and void.

The judgment appealed from is reversed, but without costs; the ordinances in question are declared invalid, and the defendant municipality is directed to approve the plaintiff's plat plan for section 3.

*For reversal*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING and JACOBS—5.

*For affirmance*—Justice BRENNAN—1.