Hillsborough
No. 7434

RICHARD D. LEVASSEUR & *a.*

v.

BOARD OF SELECTMEN OF HUDSON & *a.*

May 29, 1976

*Holland & Aivalikles* and John M. Bednar, pro se *(Mr. Francis G. Holland* orally), for the plaintiffs.

*Smith, Welts & Currier (Mr. Philip R. Currier* orally) for the defendant selectmen.

DUNCAN, J. This petition, filed in early February 1976 by voters of the town of Hudson, seeks a declaratory judgment that the defendant selectmen are in violation of various statutory provisions, and seeks remedial injunctive relief. The first issue presented by the petition was advanced by the trial court for early hearing, since it arose out of the refusal by the selectmen to place upon the warrant for the March 1976 annual town meeting an article presented to them by petition of twenty-five voters of the town, as provided by RSA 39:3 (Supp. 1975).

After hearing, the Court *(Perkins,* J.) on February 12, 1976, ordered the selectmen to cause the article petitioned for to be inserted in the warrant. The defendants' bill of exceptions was allowed by the court on February 18, 1976. At the final session of the annual town meeting on March 11, 1976, when the case was pending in this court, it was voted that the article in question be laid on the table.

The article appearing in the warrant by virtue of the voters' petition and the order of the trial court was as follows: "To see if the Town will vote to require the posting of a bond with the Selectmen, either in cash, bank deposit book in the name of the Town, or surety by a bonding company, by a subdivider, contractor or their agents equal to the improvements, such as roads, drains, culverts, etc. required by the Town prior to the issuance of a building permit in the area where such improvements are required, by the Planning Board or the Town. When the improvements are completed, the Town shall retain at least twenty (20) percent of the total sum bonded for at least one year after the final completion of such improvements to insure the faithful performance of all the requirements of the Town; this procedure to remain in effect until rescinded by a vote of the Town at some future annual town meeting."

It is not disputed that the town has adopted the provisions of RSA ch. 36. RSA 36:21 (Supp. 1975) provides that "the planning board shall adopt regulations governing the subdivisions of land within its jurisdiction", and RSA 36:22 provides for regulations governing performance bonds for projects within its jurisdiction.

The Hudson Planning Board has promulgated a regulation with respect to performance bonds as follows: "The sub-divider shall either file a bond or other form of surety or collateral in an amount and with surety and conditions satisfactory to the Board of Selectmen."

In our opinion the refusal of the selectmen to insert the article in question in the warrant for the town meeting cannot properly be held to have been unreasonable. RSA 39:9; *see Preston v. Gillam,* 104 N.H. 279, 282, 184 A.2d 462, 464 (1962). Municipalities are empowered by RSA 36:19 to grant authority to planning boards to issue regulations governing subdivisions of land. RSA 36:19-24 (Supp. 1975). The powers which may thus be conferred upon such boards are defined and limited by act of the legislature embodied in the cited statutory provisions. RSA 36:29 provides that the jurisdiction of the board shall be exclusive. RSA 36:22 specifies that the regulations issued by the board "may provide that ... [it] may accept a bond, in an amount and with surety and conditions satisfactory to it, providing for and securing ... the actual construction ...." The section further provides that such regulations may be amended or rescinded "whenever ... deemed necessary or advisable by the planning board, but only following public hearing ...."

It follows that the legislative body of the town may not impose requirements with respect to matters within the statutory jurisdiction of the planning board. *Gates Mills Invest. Co. v. Parks,* 25 Ohio St. 2d 16, 266 N.E.2d 552 (1971); *Magnolia Development Co., Inc. v. Coles,* 10 N.J. 223, 89 A.2d 664 (1952). A fortiori, it may not impose requirements inconsistent with the regulations which the board has previously adopted pursuant to the authority defined by legislative act. *See McDonnell v. Derry,* 116 N.H. 3, 350 A.2d 620 (1976); *Cloutier v. Epping Water & Sewer Comm'n,* decided this day.

Since adoption of the proposed article could have no legal validity the selectmen did not unreasonably refuse to insert it in their warrant. RSA 39:9; *Preston v. Gillam,* 104 N.H. 279, 184 A.2d 462 (1962). Additionally it should be noted that the regulation adopted by the board is defective to the extent that it purports to delegate to the selectmen the authority to determine the amounts and conditions of any surety bonds. This feature of the regulation can be of no effect, since patently at odds with the statute, which specifically vests this responsibility in the planning board itself. RSA 36:22; *McDonnell v. Derry supra.* Hence any declaratory judgment in the pending action should so state.

The order of the superior court which required the article to be inserted in the warrant is vacated.

*Defendants' exceptions sustained; remanded.*

All concurred.