Rockingham
No. 6774

WILFRED CLOUTIER, d.b.a.
PINE & POND ADULT MOBILE HOME PARK

v.

EPPING WATER AND SEWER COMMISSION

May 29, 1976

*Barrett & McNeill (Mr. John T. Barrett III)* for the plaintiff.

*Perkins, Holland, Donovan & Beckett* and *Arthur C. Randlett (Mr. Randlett* orally) for the defendant.

GRIMES, J.   This transfer concerns a petition for a writ of mandamus to require the Epping Water and Sewer Commission to issue to plaintiff a permit to connect to the town of Epping sewer system. Plaintiff has further filed motions to appoint a justice of the supreme court or a commissioner to receive supplementary evidence in support of his exceptions and also to stay the appeal and remand to the superior court. These various motions are denied.

Plaintiff owns land in Epping upon which he has developed a mobile home park. In 1968, the plaintiff presented to the town's planning board a prepared layout of his premises for the development. The board, at that time, approved the final plan submitted by the plaintiff. The plan provided for fifty lots for mobile homes with expansion for one hundred and fifty lots. At the time of approval, there was no sewer line in the town, although it was the plaintiff's understanding that the approval would allow him to connect the proposed mobile home park into the proposed sewer system of the town. On October 12, 1968, at a special meeting, the town of Epping voted to adopt Article II (A) of the Epping zoning ordinance which reads "Mobile homes and house trailers. The use, rental or maintenance of mobile homes or house trailers or the storage of more than one mobile home per dwelling shall be prohibited within the sewered area of the Town of Epping."

It was not until the annual town meeting for the year 1970 that the town voted to establish the major street plan as adopted by the planning board as the official map of the town of Epping. It was this map that first indicated a sewer area. The sewer system, itself, came into operation in August 1971. No master plan has ever been adopted by the town.

Pursuant to RSA 252:19, the town of Epping established a board of sewer commissioners. That board adopted a set of rules and regulations that became effective on or about August 17, 1971. The regulations provide, in pertinent part, "The owner of premises, commercial or domestic, contiguous to a way and having a habitable dwelling thereon within 200 feet of said way, shall file an application for entrance to the system within one year after availability." The sewered area, as indicated by the official town

map, includes only that portion of the plaintiff's land as lies within the 200-foot strip bordering on and northeasterly of Elm Street. On April 27, 1972, the plaintiff submitted an application to hook the mobile home park into the Epping sewer system. Permission was received, but on May 4, 1972, this permit was revoked. In November 1972, prior to the hearing in the instant case, plaintiff moved a mobile home onto that portion of his property that lies within two hundred feet of Elm Street for the attempted purpose of meeting the above-quoted provision concerning habitable dwellings.

Trial before a Master *(Leonard C. Hardwick,* Esq.) resulted in a verdict for the defendant which was approved by the court. All questions of law were reserved and transferred by *Morris,* J. On March 4, 1975, at the annual town meeting, an article in the warrant was adopted which would allow the plaintiff to tie into the sewer service connection on Elm Street.

Plaintiff's motion for a new trial is based on newly discovered evidence that there was no planning board or zoning commission at the time the so-called zoning ordinance was adopted in 1968 and that the sewer system is not operating at near capacity. Although plaintiff admits that he cannot show that he was not guilty of neglect in not discovering the evidence before trial, he argues that since the facts are clear he should be permitted to show them to prevent injustice. He points to no authority for such a procedure and since we find no reason to depart from the well-established rule, the motion is denied.

However, this does not mean that the validity of the zoning ordinance may not be questioned on other grounds which were raised at the trial. It appears that the so-called zoning ordinance rather than establishing the usual zones, intended the town to be divided into sewered and nonsewered zones and that mobile homes be permitted only in the nonsewered zone subject to innumerable conditions. The ordinance as enacted at the time the town of Epping voted to adopt article II (A) failed to describe the zoned area with sufficient certainty. The ordinance read that the "use, rental, or maintenance of mobile homes ... shall be prohibited within the boundary of the sewered area of the Town of Epping." At the time of enactment, the sewered area was not described. In fact the sewered area was not first described until the official map was presented at the annual town meeting in 1970,

approximately a year and a half after the enactment of the zoning ordinance.

It does not appear that the sewered zone has ever been established according to the requirements of RSA 31:63-a (Supp. 1975). That section requires that before any zoning ordinance or amendment to an existing ordinance be submitted to the voters, there be at least two public hearings at least fifteen days apart. In the instant case, there never has been a description of a so-called sewered zone nor have there been any public hearings on the boundaries of such a zone. The adoption by the town of an article to "establish as the official map . . . the major street plan as adopted by the planning board" did not satisfy the requirements of RSA 31:63-a (Supp. 1975) even though the map shows a tract described as a sewered area. *V.M. Stevens, Inc. v. South Hampton,* 114 N.H. 118, 316 A.2d 179 (1974). The zone district boundaries were not established by the ordinance itself at the time of enactment, and cannot be cured by an official map not adopted according to the statutory requisites. *Schadlick v. Concord,* 108 N.H. 319, 322, 234 A.2d 523, 526 (1967); *Deans v. West,* 189 Neb. 518, 203 N.W.2d 504 (1973); *Auditorium, Inc. v. Bd. of Adjustment,* 47 Del. 373, 91 A.2d 528 (1952); 1 R. Anderson, American Law of Zoning § 8.05 (1968). That provision of the Epping zoning ordinance is thereby invalid and unenforceable.

As we hold the provision of the zoning ordinance invalid, the plaintiff may legally place his mobile home onto that portion of this property that lies within two hundred feet of Elm Street, and enter the sewer since plaintiff's mobile home is contiguous to a way whereby the use of the system is available and is a habitable dwelling within two hundred feet of that way. Our reading of the regulations of the water and sewer commission makes such connection not only permissible but mandatory.

This holding, however, is not determinative of the question of whether those mobile homes of the plaintiff placed further than two hundred feet away where the use of the sewer system is available must be allowed access to that system. It is the plaintiff's contention that the vote at the March 4, 1975 town meeting to allow those mobile homes outside the two hundred foot area access to the sewer system should mandate that connection, regardless of the prior refusal by the water and sewer commission. We disagree.

The sewer commission was validly established by the town of Epping pursuant to RSA 252:19. It is within the power of the sewer commission to make such regulations and decisions as may be necessary for the proper functioning of the sewer system. RSA 252:25, :8 (Supp. 1975). The May 4, 1972 decision by the commission to deny those mobile homes outside the two hundred foot area access to the sewer system was within the powers of the commission to insure the proper maintenance and operation of the system, and thereby not ultra vires its authority. RSA 252:8 (Supp. 1975). Such a decision is not unreasonable in view of the limited capacity of that system. *Mitchel v. Dover,* 98 N.H. 285, 289, 99 A.2d 409, 412 (1953).

As the town of Epping duly appointed the water and sewer commission, a decision of that authority cannot thereafter be overturned by an article passed at the annual town meeting. Where the power to make such decision has been validly delegated, decisions concerning the operation of the sewer system must be channeled to that authority which the town itself established. *Petition of Boston & Maine Corp.,* 109 N.H. 324, 327, 251 A.2d 332, 336 (1969); *Goodrich Falls Co. v. Howard,* 86 N.H. 512, 518, 171 A. 761, 764 (1934); *Gates Mills v. Parks,* 25 Ohio St. 2d 16, 266 N.E.2d 552 (1971). Any attempt by the town to circumvent the legal authority of the water and sewer commission is invalid and ineffectual. *Levasseur v. Hudson,* No. 7434, decided this date. *Bisson v. Milford,* 109 N.H. 287, 249 A.2d 688 (1969); *Gruber v. Raritan Tp.,* 68 N.J. Super. 118, 172 A.2d 47 (1961); *Kling v. City Council,* 155 Cal. App. 2d 309, 317 P.2d 708 (1957). We thereby hold that it is within the discretion of the water and sewer commisson to deny access to the sewer system for those mobile homes outside the two-hundred foot area, and the vote of the town meeting can not supplant the commission's decision.

*Petition for mandamus granted in part and denied in part.*

All concurred.