Carroll
No. 79-349

TOWN OF FREEDOM

v.

JAMES GILLESPIE

September 10, 1980

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Donald R. Bryant* orally), for the plaintiff.

*Nighswander, Lord, Martin & KillKelley*, of Laconia (*David J. KillKelley* orally), for the defendant.

KING, J. This is an appeal from a Superior Court decree (*Wyman*, J.) granting the plaintiff's petition to permanently enjoin the defendant, James Gillespie, from constructing a septic system on his property.

The defendant owns a three-bedroom house on land which abuts Ossipee Lake in the Town of Freedom. In January 1976, the defendant received approval from the New Hampshire Water Supply and Pollution Control Commission to construct a waste disposal system which would accompany the construction of a two-bedroom guest cottage to be located on the same property. In March 1977, the Town of Freedom in its town meeting enacted two by-laws known as Articles 28 and 29. Article 28 increased the minimum distance of leach fields from all lakes, streams, and other bodies of water from 75 feet to 125 feet and also gave the Freedom Planning Board authority to grant final approval of construction of and repairs to all setic systems and the power to grant variances. Article 29 authorized the planning board to limit new construction to "one single family dwelling" on every lot which contained 40,000 square feet or less.

Subsequent to the enactment of those articles, the plaintiff notified the defendant that his proposed septic system was in violation of article 28 and would not be approved by the planning board. In July 1979, the superior court granted the plaintiff's

petition for a temporary injunction and, on October 1 of that year, the court permanently enjoined the defendant from constructing his septic system because it did not conform to the setback requirement of article 28.

The defendant first argues that article 28 is invalid because it is not authorized by State law. We disagree. Towns are authorized under RSA 31:39 (Supp. 1979) to make by-laws for a variety of purposes which fall into the category of health, welfare and public safety. *Piper v. Meredith*, 110 N.H. 291, 295, 266 A.2d 103, 106 (1970). We have held that ordinances which prescribe setback requirements are a valid exercise of the general police power under RSA 31:39. *Piper v. Meredith supra; Jaffrey v. Heffernan*, 104 N.H. 249, 183 A.2d 246 (1962). This police power includes the authority to prohibit practices and conditions with respect to sewerage, so long as the ordinance involved bears a reasonable relationship to the public sanitation, health and welfare. 7 MCQUILLIN, MUNICIPAL CORPORATIONS, § 24.256 (1968 Rev. Vol.). Article 28 is a setback ordinance which requires that septic systems be placed at least 125 feet from bodies of water. The town enacted article 28 in order to prevent further pollution of Ossipee Lake. Evidence presented at the trial indicated that the high permeability of the defendant's soil, coupled with the presence of an adjacent watercourse, could result in effluents from the defendant's property flowing into Ossipee Lake. This is precisely the type of problem which article 28 attempts to prevent. We therefore hold that article 28 is a reasonable exercise of the general police power granted to municipalities pursuant to RSA 31:39 (Supp. 1979), and that it was reasonably applied to the defendant here.

The defendant next argues that article 28 is invalid because it impermissibly delegates the authority to approve septic systems to the planning board.

Although the general function of the board is to prepare a master plan for the development of the municipality, *Kostreles v. Portsmouth*, 104 N.H. 392, 397, 187 A.2d 789, 793 (1963), the powers of the planning board are not limited solely to its preparation. *See, e.g.*, RSA 36:11, :19(a) (Supp. 1979). The planning board "may be given such powers as may be necessary to enable it to . . . promote municipal planning. . . ." RSA 36:10. The health and welfare of the populace is an important consideration for the planning board in its attempt to provide for the orderly development of the municipality, and article 28 is a reasonable attempt by the town to protect the health and welfare of its

citizens. Towns are empowered to "appoint all . . . officers as may be necessary to carry the by-laws into effect. . . ." RSA 31:39 (Supp. 1979). Here The town of Freedom delegated the authority to enforce the provisions of article 28 to the planning board. A reading of both RSA 31:39 and 36:2 *et seq.* (Supp. 1979) reveals no bar to the Town of Freedom delegating the enforcement of its septic system setback ordinance to the planning board.

The defendant asserts that article 28 is impermissibly vague because it does not specifically set forth the elements necessary to obtain a variance. Generally, a municipal ordinance must be framed in terms sufficiently clear, definite, and certain, so that an average man after reading it will understand when he is violating its provisions. 56 AM. JUR. 2d *Municipal Corporations* § 367. An ordinance is not necessarily vague because it does not precisely apprise one of the standards by which an administrative board will make its decision. *See Carbonneau v. Town of Rye*, 120 N.H. 96, 411 A.2d 1110 (1980). Article 28 provides that the planning board may grant a variance. The trial court specifically found that the standards for variances delineated in the planning board's subdivision regulations would impliedly be used by the planning board in the application of article 28. We find that there is sufficient evidence to support the trial court's findings and therefore article 28 is not void for vagueness.

The defendant next argues that article 28 is unenforceable against him because he has acquired a vested right to construct his guest cottage.

This court has adopted the rule that a property "owner, who, relying in good faith on the absence of any regulation which would prohibit his proposed project, has made substantial construction on the property or has incurred substantial liabilities relating directly thereto, or both, acquires a vested right to complete his project in spite of the subsequent adoption of an ordinance prohibiting the same." *Gosselin v. Nashua*, 114 N.H. 447, 451, 321 A.2d 593, 596 (1974), *quoting Piper v. Meredith, supra* at 299, 266 A.2d at 109. Preliminary expenditures, however, which are nót directly related to the actual construction costs of the project do not establish vested rights. *Gosselin v. Nashua supra* at 451, 321 A.2d at 596.

The defendant here spent between $400 and $500 for "drawings and percolation tests" prior to the enactment of article 28. On this evidence, we affirm the trial court's ruling that no vested right accrued to the defendant.

The plaintiff argues that the trial court's ruling that the plaintiff failed to prove that the defendant's lot contains 40,000 square feet or less was contrary to the weight of the evidence and that article 29 thus applies to the defendant.

Conflicting evidence was presented at trial concerning the overall size of the defendant's property. The trial court ruled that the plaintiff failed to prove by a balance of the probabilities that the defendant's property was 40,000 square feet or less in area. In this State, "the findings of the trial court will not be set aside if they could reasonably be made on the evidence." *Rinden v. Hicks*, 119 N.H. 811, 813, 408 A.2d 417, 418 (1979). In view of the disparity of the evidence presented at trial, we hold that the trial court's findings were reasonably made. Article 29 is therefore inapplicable to the defendant here and any claims by either party concerning the validity of that ordinance are immaterial.

*Exceptions overruled; affirmed.*

All concurred.