Rockingham
No. 80-290

RICHARD BECK

v.

TOWN OF AUBURN

November 20, 1981

*Casassa, Mulherrin & Ryan,* of Hampton (*John J. Ryan* on the brief and orally), for the plaintiff.

*Alex Komaridis,* of Auburn, by brief and orally, for the defendant.

BROCK, J. In this land use case, the plaintiff appealed the denial of approval of a two-lot subdivision by the Town of Auburn Planning Board to the superior court pursuant to RSA 36:34. After trial, the recommendation of the Master (*Charles T. Gallagher,* Esq.) that the appeal be dismissed was approved by the Superior Court (*Mullavey,* J.), and subsequently the plaintiff appealed to this court. For the reasons which follow, we affirm.

In early August 1978, a proposal for a four-lot subdivision to be known as Silver Hill Estates was first submitted to the Town of

Auburn Planning Board. Although the plaintiff Richard Beck owned the real estate, the subdivision application was filed by one of his employees, a real estate developer. Two of the proposed lots fronted on Pingree Hill Road, a Class V town-maintained road, and two fronted on Silver Hill Road, the status of which was in question. On August 23, 1978, after a hearing at which abutters appeared and the status of Silver Hill Road was discussed, the Planning Board approved only the two lots which fronted on Pingree Hill Road. Considering that Silver Hill Road was a Class VI road, which was not maintained by the town, the planning board disapproved the two lots fronting on that road. This decision was based on the town's zoning ordinance which provides that a proposed subdivision lot must have frontage on an *"improved* public street or an approved private street." AUBURN ZONING ORDINANCE, § 12.06, page Z-20. (Emphasis added.)

On November 8, 1978, after having conveyed the two approved lots to his employee, the plaintiff himself submitted a new application for subdivision approval of the two lots located on Silver Hill Road. At this time, the plaintiff offered to upgrade, at his own expense, all portions of the road which were considered Class VI. In return, the plaintiff was in effect asking the board to change the status of a portion of the road from Class VI (not maintained by the town, RSA 230:4 VI) to Class V (maintained by the town, RSA 230:4 V) so that the lots for which he was seeking approval would comply with the aforesaid provision of the town ordinance.

The planning board referred this question to town counsel. After receiving his response, the planning board advised the plaintiff by letter dated November 28, 1978, that it did not have the authority to act upon the plaintiff's application. The reasons it gave for its decision were the following: first, only two-thirds of one of the lots fronted on a Class V town-maintained highway, the remaining frontage of that lot as well as the entire frontage of the other lot being on a Class VI portion of the road; therefore, the proposed subdivision could not be accepted according to the town ordinance; second, the planning board had no authority to approve the plaintiff's proposed upgrading of the road from Class VI to Class V. *See* RSA 230:1, :4.

On January 29, 1979, the plaintiff submitted another letter to the board reiterating his offer to upgrade the Class VI portion of the road. On April 12, 1979, the planning board once again advised the plaintiff that it had no power to act on his application.

The plaintiff appealed that decision to the superior court, arguing that the plan should be deemed to have been approved under

the provisions of RSA 36:23. *See Savage v. Town of Rye*, 120 N.H. 409, 411, 415 A.2d 873, 875 (1980). Specifically, he claimed that:

1. The planning board failed to act within 90 days.
2. The town's subdivision regulations did not specify an officer of the town to issue a certificate of failure of the board to act.
3. The board did not hold an abutters' hearing as required by statute.

In making his recommendation, the master considered only the submissions of the plan made by the plaintiff on November 8, 1978, and January 29, 1979. Although the plaintiff argued that his November 1978 filing and his letter of January 29, 1979, were parts of one submission to the board, the master concluded otherwise. He ruled that when the board, on November 28, 1978, advised the plaintiff that it had no authority to act on his request, it in effect disapproved his proposed subdivision under RSA 36:23 and that "the January 29, 1979 letter, fairly construed, amounted to a new submission" which the board timely rejected. The master further ruled that, because the board had disapproved the November plan, the fact that the town's regulations did not specify a municipal officer to certify the board's failure to act was of no consequence to the plaintiff and that, while the board's failure to hold a hearing before it rejected the plaintiff's plan was a violation of the mandatory provisions of RSA 36:23, the plaintiff had failed to appeal from the November 1978 disapproval. Finally, the master found that the January 1979 submission was "substantially the same" as that rejected in November and, relying on *Fisher v. City of Dover*, 120 N.H. 187, 191, 412 A.2d 1024, 1027 (1980), ruled that the board was justified in disapproving the January 1979 plan because there was no material change in circumstances.

While it was neither strenuously argued below nor addressed by the master, the determinative issue in this case was properly raised on appeal by the plaintiff: was the decision by the planning board that it was without authority to act on the subdivision plan correct? The planning board determined that it lacked authority to act on the plaintiff's subdivision request because it did not have the power to approve the upgrading of a public road. Although the planning board's power extends to off-site improvements and obligations necessitated by a proposed development, *KBW, Inc. v. Bennington*, 115 N.H. 392, 395, 342 A.2d 653, 655 (1975), it has only those powers granted to it; it cannot usurp powers belonging to another town body or the town as a whole. *Cf.*

*Town of Tuftonboro v. Lakeside Colony, Inc.*, 119 N.H. 445, 448–49, 403 A.2d 410, 412 (1979). Roads must be approved by the town, *see Locke Dev. Corp. v. Barnstead*, 115 N.H. 642, 644, 349 A.2d 598, 600 (1975); *Grossman v. Town of Dunbarton*, 118 N.H. 519, 521, 389 A.2d 1385, 1386 (1978), not the planning board. Because the planning board correctly decided that it did not have the authority to act on the plaintiff's subdivision request, the plaintiff must seek his remedy elsewhere.

Because we hold as we do on this issue, we need not consider other issues raised by the parties.

Accordingly, we affirm the decision of the trial court to dismiss the plaintiff's petition. As we have recently stated, "where the correct decision is made on mistaken grounds, this court will sustain it if the record contains valid grounds to support the decision." *Sprague v. Town of Acworth*, 120 N.H. 641, 644, 419 A.2d 1075, 1076 (1980).

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.