Carroll
No. 97-159

RICHARD NEVILLE *& a.*

v.

HIGHFIELDS FARM, INC. *& a.*

December 13, 1999

*Sheehan Phinney Bass + Green, P.A.*, of Manchester (*Stephen E. Weyl* on the brief and orally), for the plaintiffs.

*Cooper, Deans & Cargill, P.A.*, of North Conway (*Randall F. Cooper* on the defendants' joint brief), *Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* and *Barton L. Mayer* on the defendants' joint brief, and *Mr. Hilliard* orally), for the defendants.

THAYER, J. The defendants, Highfields Farm, Inc. (Highfields) and the Town of Conway (town), appeal from a Superior Court (*Mohl*, J.) order finding a circumvention of the Town of Conway Planning Board's (planning board) authority and granting the plaintiffs' request for injunctive relief. The plaintiffs, Richard Neville, September Neville, Edwin L. Neville, Jr., Whitney Harvey, and Charles Harvey, cross-appeal, arguing that the court erred in holding: (1) that the town's approval of Article 42 was not ultra vires; and (2) that the town did not enter into an unlawful indemnity agreement. We reverse in part and affirm in part.

This case arises from the relocation of a section of Baird Hill Road in Conway. The following facts were adduced after a bench trial and view of the property at issue. In 1972, Baird Hill Road was designated a scenic road and, therefore, became subject to restrictions regarding reconstruction as set forth in RSA 231:158 (1993).

Highfields owns property on Baird Hill Road and wished to relocate part of the road. The proffered reason was that the road's configuration and drainage system caused a nuisance and hazard to Highfields' property. Twice in 1991, Highfields sought approval from the planning board to relocate part of Baird Hill Road. The planning board denied both requests. Highfields did not appeal the planning board's decisions. Instead, it sent the board of selectmen a proposed warrant article (Article 42) for inclusion in the warrant for the 1992 town meeting.

Article 42 was adopted by secret ballot and provided:

ARTICLE 42. To see if the Town will vote to RELOCATE A PORTION OF BAIRD HILL ROAD subject to the following procedure:

(a) To initially remove the scenic road designation from [a] portion of Baird Hill Road . . . .

(b) To then relocate that portion of the roadway as described in subparagraph (a) above onto other land of Highfields Farm, Inc., on such terms and conditions as may be established by the Board of Selectmen, so long as the same is at no expense to the town, with all such costs to be borne by Highfields Farm, Inc.

(c) Upon completion of construction of the relocated roadway to the full satisfaction of the Board of Selectmen, to authorize the Selectmen to accept an Easement Deed for the relocated roadway and correspondingly to convey to Highfields Farm, Inc. a Quitclaim Deed from the Town for its interest in the old roadway, subject to an easement of passage from its southerly end to the entrance to Labrador Pond Road, a Class VI highway of the Town.

(d) Upon acceptance of the Easement Deed, to thereafter designate the then relocated portion of Baird Hill Road as a scenic road, pursuant to the provisions to RSA 231:157, without further Town Meeting vote.

At Highfields' expense, the town selectmen engaged the services of an independent engineering firm to make specific recommendations with respect to the relocation. The firm submitted its recommendations with a proposed location entirely on Highfields' property. In 1993, the defendants executed a relocation and indemnity agreement to relocate part of Baird Hill Road. After the work was completed, the town issued a release deed to Highfields.

The plaintiffs own property abutting Highfields' property on Baird Hill Road. They sought a preliminary injunction to enjoin the relocation. The trial court denied their request. Pursuant to Article 42, the defendants relocated Baird Hill Road. Again, the plaintiffs sought declaratory and injunctive relief that would void Article 42 and the actions taken pursuant to it, and restore Baird Hill Road to its original location. The trial court ruled for the plaintiffs on their alternative argument that the selectmen circumvented the planning board's authority. The trial court therefore granted the plaintiffs' request for injunctive relief and ordered that the defendants restore Baird Hill Road. The defendants appealed, and the plaintiffs cross-appealed.

The defendants raise a number of issues on appeal. We need, however, address only one: whether the court erred in finding that a circumvention of the planning board's authority occurred. On

cross-appeal, the plaintiffs contend that the trial court erred in holding that: (1) the acts precipitated by Article 42 were not ultra vires and did not violate RSA 231:158; and (2) the indemnity agreement into which the town entered was proper. We address these issues in turn.

## I. Circumvention of the Planning Board

According to the defendants, the adoption of Article 42 was a proper exercise of the town meeting's authority. The plaintiffs contend, however, that it amounted to a circumvention of the planning board's decision denying the relocation of a scenic road. The trial court recognized that the enabling statutes permitted the actions taken pursuant to Article 42, but nevertheless found Article 42 invalid because

> [t]he town meeting, by its very vote on Article 42, intended . . . to do to Baird Hill Road what the planning board refused to do, in short, to reverse the refusal of the planning board to approve the changes . . . . Thus, the Article 42 undesignation of the portion of Baird Hill Road . . . was a mere pretext to achieve a result the town could not otherwise achieve through the proper statutory mechanism, namely, the planning board.

■ "On appeal, we sustain the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *Quirk v. Town of New Boston*, 140 N.H. 124, 128, 663 A.2d 1328, 1331 (1995) (quotation omitted). When ascertaining whether a circumvention of authority has transpired, we inquire whether the administrative agency whose authority is allegedly being circumvented had jurisdiction. *See, e.g., Cloutier v. Epping Water & Sewer Comm'n*, 116 N.H. 276, 280, 360 A.2d 892, 895-96 (1976) (town's attempt to circumvent legal authority of commission was invalid and ineffectual because commission had sole jurisdiction); *Buxton v. Town of Exeter*, 117 N.H. 27, 29, 369 A.2d 188, 189 (1977) (selectmen's attempt to circumvent board of adjustment's denial invalid because board had sole jurisdiction to grant special exceptions and variances).

"Although the general function of the [planning] board is to prepare a master plan for the development of the municipality, the powers of the planning board are not limited solely to its preparation." *Town of Freedom v. Gillespie*, 120 N.H. 576, 579, 419 A.2d 1090, 1092 (1980) (quotation omitted); *see* RSA 674:1, I (1996). Once

having created a planning board, a town may delegate additional authority to the board to enable it to promote municipal planning. RSA 674:1; *Town of Freedom*, 120 N.H. at 579, 419 A.2d at 1092. In addition, once a planning board is created and a statute grants exclusive jurisdiction to the board over a particular subject matter, the range of issues the town may consider relative to that subject matter becomes severely narrowed. *See Ehrenberg v. City of Concord*, 120 N.H. 656, 661, 421 A.2d 128, 131 (1980) (decided under prior law); *see also Mudge v. Precinct of Haverhill Corner*, 133 N.H. 881, 885, 587 A.2d 603, 605 (1991); *Levasseur v. Board of Selectmen*, 116 N.H. 340, 342, 358 A.2d 665, 666 (1976).

Where a town duly appoints an entity to handle specified matters and later attempts to overturn a decision of that entity by town vote, we have found a circumvention, rendering the town's decision invalid. *See Cloutier*, 116 N.H. at 280, 360 A.2d at 896. "Such a state of affairs would exist in derogation of a statutory framework that requires comprehensive land use planning as the major tool of growth regulation." *Ehrenberg*, 120 N.H. at 661, 421 A.2d at 132. The planning board, however, "has only those powers granted to it; it cannot usurp powers belonging to another town body or the town as a whole." *Beck v. Town of Auburn*, 121 N.H. 996, 998, 437 A.2d 289, 291 (1981).

In this case, the *only* entity with jurisdiction to accomplish at least part of Article 42 was the town. The planning board lacked authority to designate a scenic road or to remove a road's designation as scenic. The only statutorily authorized entity to do so is a town through its vote. *See* RSA 231:157 (1993). Nevertheless, the plaintiffs contend that only the planning board had jurisdiction to authorize moving trees or stone walls on Baird Hill Road because, as a scenic road, it was subject to RSA 231:158, II, which prohibits on a scenic road

> the cutting . . . or removal of trees, or the tearing down . . . of stone walls . . . except with the prior written consent of the planning board, or any other official municipal body designated . . . .

The plaintiffs argue that RSA 231:158 required the defendants to obtain approval from either the planning board or "any other official municipal body." The plaintiffs contend that because no other municipal body was designated, the planning board was the sole entity vested with jurisdiction to approve the removal of trees and stone walls.

We disagree with the plaintiffs' contention that the mere creation of the planning board divested the town of jurisdiction to vote on Article 42. "This court, of course, is the final arbiter of the legislature's intent as expressed in the words of the statute as considered as a whole." *Pope v. Town of Hinsdale*, 137 N.H. 233, 237, 624 A.2d 1360, 1362 (1993). We interpret the words of a statute according to their plain meaning. *New London Land Use Assoc. v. New London Zoning Board*, 130 N.H. 510, 514, 543 A.2d 1385, 1386 (1988). The fact that no other municipal body was created does not mean that the town cannot vote to remove a scenic road designation; RSA 231:157 specifically provides that the voters of a town may rescind the designation of a scenic road. Aside from their contention that no other municipal body was designated to approve changes to a scenic road, the plaintiffs point to no delegation by the municipality to the planning board of further authority or jurisdiction to govern scenic roads. *Cf. Town of Freedom*, 120 N.H. at 578-79, 419 A.2d at 1092 (upholding article granting more authority to planning board than specified in statute). Thus, when the trees and stone walls were removed on Baird Hill Road, RSA 231:158 did not apply because Baird Hill Road was no longer designated a scenic road.

■ This case is distinguishable from those cited by the plaintiffs regarding circumvention. *See Cloutier*, 116 N.H. at 279, 360 A.2d at 896 (finding circumvention where town voted to overturn commission's prior decision to revoke permit); *Ehrenberg*, 120 N.H. at 660-61, 421 A.2d at 131 (finding city council exceeded its jurisdiction by voting to overturn planning board's approval of project where board's decision based on considerations within its exclusive jurisdiction); *Levasseur*, 116 N.H. at 342, 358 A.2d at 666 (upholding town selectmen's refusal to insert article in town warrant concerning issue over which planning board had exclusive jurisdiction); *Buxton*, 117 N.H. at 29, 369 A.2d at 189 (holding selectmen lacked jurisdiction to grant special exception because statute solely vested such authority in board of adjustment); *Town of Tuftonboro v. Lakeside Colony, Inc.*, 119 N.H. 445, 451-52, 403 A.2d 410, 414 (1979) (piercing device created to circumvent regulations and disregarding party's label of property interest). Unlike the cases relied upon by the plaintiffs, this case does not involve a town vote that directly contradicts an administrative agency's prior decision. Here, the planning board rejected Highfields' proposal to relocate Baird Hill Road while it was designated a scenic road. The voters did not, however, vote to overturn the planning board's refusal to relocate "scenic" Baird Hill Road. Instead, the voters decided to remove the

road's designation as scenic and then take the action set forth in Article 42. The decisions made by the planning board and the voters were not the same. We recognize that we appear to be engaging in semantics and that even if the decisions are not the same, the result of each decision is essentially identical. We hold, however, that the planning board's refusal to relocate the scenic road was not circumvented. To hold otherwise would obviate the voters' exclusive, statutorily granted power to designate and undesignate a road as scenic, *see* RSA 231:157, and impermissibly render the statute meaningless, *see Appeal of Soucy*, 139 N.H. 110, 116, 649 A.2d 60, 63 (1994). Moreover, to the extent that the planning board was not authorized to act in the first instance, the voters' subsequent decision could not have amounted to a circumvention of the planning board's decision.

We need not decide whether Highfields' request to the planning board to relocate the road equated to a request for a discontinuance, requiring town vote. *See Marrone v. Town of Hampton*, 123 N.H. 729, 734, 466 A.2d 907, 910 (1993) (holding "the discontinuance of an established town highway . . . may be accomplished only by [town] vote"). Because this issue is dispositive, we need not address the defendants' remaining arguments. *See Dime Savings Bank of New York v. Town of Pembroke*, 142 N.H. 235, 238, 698 A.2d 539, 541 (1997).

## II. The Town's Approval of Article 42

The plaintiffs contend on cross-appeal that the town acted unlawfully when it: (1) removed the scenic road designation; (2) relocated the road; (3) discontinued and accepted the old and new portions respectively; and (4) redesignated the new portion as a scenic road. In urging us to uphold the trial court's ruling, the defendants contend that Article 42 was a proper exercise of the town meeting's authority. Article 42 called for the removal of the scenic road designation of a portion of Baird Hill Road and the prospective redesignation of the newly constructed portion.

As the final arbiter of the meaning of a statute, *Pope*, 137 N.H. at 237, 624 A.2d at 1362, we interpret the words contained in a statute according to their plain meaning, *New London Land Use Assoc.*, 130 N.H. at 514, 543 A.2d at 1386. The plain meaning of RSA 231:157 authorizes the removal of the scenic road designation of part of Baird Hill Road:

> The voters at a regular town meeting may rescind . . . their designation of a scenic road . . . .

Article 42 also called for the prospective redesignation of a portion of Baird Hill Road. Authority for such action is found at RSA 231:157:

> [T]he voters of [a] town at any annual or special meeting may designate such road as a scenic road.

The plaintiffs contend that the trial court erred in ruling that Article 42 provides for the discontinuance of the old portion of Baird Hill Road and the acceptance of the new portion. We first address the plaintiffs' contention that Article 42 lacks both a vote of discontinuance and acceptance, and that such votes were necessary in order to relocate the road. Assuming without deciding that such votes were necessary to accomplish the relocation in this case, we uphold the trial court's finding that Article 42 expresses an intent to discontinue a portion of Baird Hill Road and accept the new portion.

The authorization of the concurrent conveyance to Highfields of the old roadway easement constitutes a discontinuance of a highway. The discontinuance of the road is authorized by RSA 231:43, I (1995), which provides:

> Any class IV, V or VI highway, or any portion thereof, in a town may be discontinued by vote of a town . . . .

■ As stated above, we do not decide in this case whether Highfields' request to the planning board to relocate part of Baird Hill Road equated to a request for a discontinuance of part of the road. Leaving that question undecided does not preclude our finding that Article 42 involved the discontinuance of part of the road. Because the discontinuance of a highway can only be accomplished by town vote, *see Marrone*, 123 N.H. at 734, 466 A.2d at 910, we hold that the town did not act unlawfully when it voted to discontinue the old portion of Baird Hill Road.

The plaintiffs next contend that Article 42 lacks a vote of acceptance of the relocated road and merely constitutes an exchange of deeds. We disagree. Article 42 authorized the construction of a highway on an easement to be conveyed to the town by Highfields. Article 42 provides that the new portion of the road will be located on Highfields' property and constructed to the full satisfaction of the selectmen. Authority for such action is found at RSA 229:1 (1993), which provides:

> Highways [include] roads which have been constructed for public travel over land which has been conveyed to a city or town or to the state by deed of a fee or easement interest,

or roads which have been dedicated to the public use and accepted by the city or town in which such roads are located . . . .

Acceptance of a road is a discrete, legal act that can be accomplished via town vote. *See Polizzo v. Town of Hampton,* 126 N.H. 398, 401, 403, 494 A.2d 254, 256, 257 (1985). "[R]oads must be approved by the town, not the planning board." *Beck,* 121 N.H. at 999, 437 A.2d at 291 (citations omitted).

■ Moreover, the fact that the designation of the scenic road is "prospective" does not render Article 42 invalid. *Cf. New London v. Davis,* 73 N.H. 72, 75-76, 59 A. 369, 371-72 (1904) (fact that discontinuance of highway would not take effect until substitute completed does not render vote invalid). This is not a situation where the voters' statutory authority was impermissibly delegated to the selectmen. *Cf. Levasseur,* 116 N.H. at 342, 358 A.2d at 666. We agree with the trial court that Article 42, when liberally construed, expresses an intent to discontinue a portion of Baird Hill Road and then to accept a new portion. The portion to be discontinued is sufficiently defined in Article 42 for voters to make a rational decision.

"The passage of the vote implies that all further steps were to be taken that were necessary to render the action of the town effective . . . ." *New London,* 73 N.H. at 80, 59 A. at 373. "It is a principle of general application that votes passed at town-meetings should be liberally construed." *Id.* at 76, 59 A. at 372. Town meetings do not consistently express their purposes with legal precision. *McMahon v. Salem,* 104 N.H. 219, 220, 182 A.2d 463, 464 (1962). Furthermore, the party challenging an article bears the burden of establishing that in all likelihood, defects in the article affected the outcome of the vote. *See Keene v. Gerry's Cash Mkt., Inc.,* 113 N.H. 165, 167, 304 A.2d 873, 875 (1973). Under the facts of this case, we do not conclude that the imprecise language affected the outcome of the vote. *See Town of Freedom,* 120 N.H. at 580, 419 A.2d at 1092; *New London,* 73 N.H. at 76, 59 A. at 373.

## III. The Indemnity Agreement

The plaintiffs further contend on cross-appeal that relocation of the road was accomplished by means of an unlawful agreement "by which the town and the selectmen traded benefits to the town in exchange for administrative waivers." The indemnity agreement provided that Highfields agreed "to indemnify and hold harmless

the Town of Conway from any and all liability, claim, loss or damage the Town may suffer or defend as a result of any claims, demands, costs, or judgment against the Town arising from [the] [a]greement or any construction or use of said roads during construction of the relocations or by the abutters to the Highfields Farm property." The trial court upheld the agreement on the ground that there was

> no evidence which clearly shows that the selectmen were improperly induced by the Indemnity Agreement to relocate Baird Hill Road. To the contrary, the evidence shows that the selectmen carefully analyzed many different plans for the relocation over many months before making a decision. Accordingly, the court finds that neither Article 42 nor the selectmen's implementation of it are invalid due to improper inducement.

The plaintiffs argue that the trial court erred in finding that no evidence existed to clearly show that the selectmen were improperly induced by the agreement. We disagree.

The selectmen have a duty to act for the public good in approving the layout of roads. See Knowles' Petition, 22 N.H. 361, 363 (1851). We will not uphold an "agreement to indemnify the town [if it is] clearly covinous and collusive." Id. However, "[t]he mere fact that someone is willing to pay the expense of building a highway does not prove that the public good does not require it; and the subsequent laying out of the way by the selectmen upon a petition to them must be presumed, in the absence of evidence to the contrary, to have been regular, involving necessarily a determination of the question of the public good." New London, 73 N.H. at 78, 59 A. at 372. "Every presumption . . . is to be assumed that [the selectmen] in good faith adjudged the road to be necessary, until the contrary is clearly shown." Proctor v. Andover, 42 N.H. 348, 357 (1861) (emphasis added). Applying that standard, we cannot say the trial court erred in its determination that no improper inducement occurred.

█ Moreover, the selectmen were acting pursuant to a directive of the town meeting. The selectmen were implementing and complying with a decision lawfully made by the voters through the democratic process, and nothing in their actions has been shown to be unlawful or improper. See Lamb v. Danville School Board, 102 N.H. 569, 571-72, 162 A.2d 614, 616 (1960); cf. Knowles' Petition, 22 N.H. at 363-64 (selectmen not acting pursuant to voters' wishes). "In New England town meetings the voters are the sovereigns, and their will, when duly expressed, is supreme." Attorney-General v.

*Folsom*, 69 N.H. 556, 557, 45 A. 410, 410 (1899). We therefore affirm the trial court's finding that neither Article 42 nor the selectmen's implementation of it are invalid due to improper inducement.

*Reversed in part; affirmed in part.*

All concurred.