Grafton
No. 7965

JAMES STAMPER

v.

SELECTMEN, TOWN OF HANOVER

April 7, 1978

*Donald A. Ingram*, of Hanover, by brief and orally, for the plaintiff.

*Gardner & Clauson*, of Hanover (*Laurence F. Gardner* orally), for the defendants.

GRIMES, J. The question raised by this petition for declaratory judgment is whether the selectmen of Hanover had the authority to enact an ordinance forbidding the use of certain streets for the sale or display of merchandise.

Plaintiff sold items of jewelry of his own design from a pushcart located on Main Street in Hanover. On July 2, 1977, the selectmen of the town enacted an ordinance which prohibited persons from selling or displaying merchandise in that area. Plaintiff filed a petition for declaratory judgment which was heard before a Master, (*Charles F. Leahy*, Esq.). The master found the ordinance invalid as beyond the power of selectmen and recommended a permanent injunction against its enforcement. *Batchelder*, J., reserved and transferred defendant's exceptions.

Hanover's present charter was enacted by Laws of 1963, chapter 374 which was approved by the voters in a referendum. Article 6 of the charter provides in pertinent part that "the selectmen of the town shall have all the powers conferred by law (see RSA 41:11) and by custom on the selectmen of towns and in addition shall have the following powers:

> C. Such further powers as may be delegated to them by vote of the town as hereinafter provided.

RSA 41:11 provides as follows:

> Regulation of Use of Highways, etc. Unless regulated by the commissioner of public works and highways as provided in section 5, RSA ch. 249, the selectmen may regulate the use of all public highways, sidewalks, and commons in their respective towns and for this purpose may exercise all the powers conferred on city councils by paragraphs VII and VIII, section 17, chapter 47, and by any other provisions of the laws upon the subject.

Article 7 of the town charter provides:

> Additional Powers of Selectmen: By affirmative ma-
> jority vote at any regular or special town meeting duly
> warned for the purpose, the town may from time to time
> delegate to the selectmen and authorize them to exercise
> any of the powers now or hereafter conferred upon the
> mayor and aldermen of cities respecting highways, side-
> walks and sewers and all of the powers now or hereafter
> conferred on city councils by RSA 47:17 through 26 and
> RSA 249:1. By like vote any of such additional powers
> may from time to time be withdrawn and/or restored to
> the selectmen. However, the powers so delegated shall not
> include any power to enact or amend any zoning ordinance
> or to abandon any public highway.

These additional powers were delegated to the selectmen pursuant
to article 7 by vote of the town on March 10, 1964.

In 1972 the warrant for the town meeting contained an article,
placed there by petition, which proposed an ordinance which would
regulate the sale, *etc.*, of any goods on certain streets in the town.
The proposed ordinance was not adopted, but under article 13 of the
warrant, the catchall article relating to any other business which le-
gally may come before the meeting, a motion was made and seconded
that the town direct the selectmen to consider enacting a bylaw to
relocate itinerant merchants, *etc.*, from the streets to some public
parking area. An amendment which was passed by a voice vote deleted
the wording of the motion and substituted the following: "That the
sense of this meeting is to advise the Selectmen that the Town con-
siders itinerant merchants a benefit so long as they do not interfere
with moving vehicular traffic."

The plaintiff asserts that this vote withdrew from the se-
lectmen as provided in article 7 of the charter the authority to enact
the ordinance they did. We cannot so construe the vote. The original
motion clearly did not purport to withdraw that power, but rather
asked the selectmen to consider such an ordinance, thus recognizing
that the power lay with the selectmen. The amendment which was
passed only "advised" the selectmen of the "sense of this meeting."
We cannot read into that vote an intention to withdraw the powers
previously delegated to them, even assuming that the question could
legally be considered under article 13 of the warrant.

Because the power to enact the ordinance is vested in the selectmen, until withdrawn, the vote of the sense of the town meeting is not binding on the selectmen. *See Cloutier v. Epping Water & Sewer Comm'n*, 116 N.H. 276, 360 A.2d 892 (1976). We therefore conclude that the ordinance is valid.

Even if we were to construe the voice vote as plaintiff contends we should, this would still not remove from the selectmen the power to enact the ordinance. RSA 47:17−26 and RSA 249:1 grant powers to city council in addition to the powers which are granted to selectmen under RSA 41:11. The powers contained in RSA 47:17 VII and VIII were granted to the selectmen of Hanover under article 6 of the charter and RSA 41:11. This power was not therefore dependent upon any delegation under article 7, which conferred the *additional* powers contained in RSA 47:17 and those contained in RSA 249:1.

■■ It is true, as plaintiff points out, that the selectmen stated that their authority stemmed from article 7 of the charter, the vote of the 1964 town meeting, and RSA 47:17. It is undisputed that the power to enact such an ordinance is contained in RSA 47:17 VII and VIII. However, the authority of the selectmen under RSA 47:17 VII and VIII is not dependent upon the delegation of authority by vote under article 7 of the charter but is conferred by article 6 of the charter and RSA 41:11 independently of such a vote of the town. Therefore those powers derived under article 6 of the charter are not subject to withdrawal under article 7. The vote of the town in 1972, even construed as plaintiff wishes, could not have taken away the power of the selectmen to enact the ordinance. Despite the fact that the selectmen referred to the wrong source of their power to enact the ordinance, it is still valid because there is in fact an alternative source of power. *See Piper v. Meredith*, 110 N.H. 291, 266 A.2d 103 (1970).

*Exceptions sustained.*

All concurred.