184 N.J. Super. 344 (1982)
446 A.2d 187
PASARO BUILDERS, INC., PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF PISCATAWAY: HENRY A. ZANETTI, TOWNSHIP ENGINEER AND DIRECTOR OF PUBLIC WORKS; LESTER NEBENZAHL, ADMINISTRATIVE OFFICER, PLANNING, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1982.
Decided May 18, 1982.
*345 Before Judges BOTTER, ANTELL and FURMAN.
Philip Lewis Paley argued the cause for appellant (Kirsten, Friedman & Cherin, attorneys).
Frank J. Rubin argued the cause for respondent (Rubin, Lerner & Rubin, attorneys; David B. Rubin, on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
At issue on this appeal is whether plaintiff's conveyance of one lot out of its more than 20 contiguous lots is exempt from subdivision approval under the definition of "subdivision" in N.J.S.A. 40:55D-7. In granting summary judgment for plaintiff *346 on motion and cross-motion, the judge below held that the exemption applied.
Plaintiff's lots were delineated on a map filed in 1913 and have been shown on defendant township's tax map for many years. Several of the lots, including the lot in question, front on a street which is paved but without other improvements. The others front on a paper street through woodlands. While conforming to minimum lot size requirements, the lots lack curbing, street lighting, drainage and multiple other improvements required for subdivision approval under the township land subdivision ordinance.
N.J.S.A. 40:55D-7 in pertinent part provides:
"Subdivision" means the division of a lot, tract or parcel of land into two or more lots, tracts, parcels or other divisions of land for sale or development. The following shall not be considered subdivisions within the meaning of this act, if no new streets are created ... (5) the conveyance of one or more adjoining lots, tracts or parcels of land, owned by the same person or persons and all of which are found and certified by the administrative officer to conform to the requirements of the municipal development regulations and are shown and designated as separate lots, tracts or parcels on the tax map or atlas of the municipality.
"Municipal development regulations" are defined in N.J.S.A. 40:55D-4 to include zoning ordinances, subdivision ordinances and other municipal regulations of the use and development of land.
The township administrative officer certified in opposition to plaintiff's motion for summary judgment and in support of defendant's cross-motion for summary judgment that plaintiff's property failed to conform to the requirements of township development regulations.
By the plain reading of the statutory definition of "subdivision," the conveyance of one lot by plaintiff constituted a subdivision, that is, the conveyance of one of several adjoining lots owned by plaintiff, which did not conform to the requirements of the township development regulations, including those imposed by the township subdivision ordinance.
*347 Plaintiff relies on Lake Intervale Homes v. Parsippany-Troy Hills, 28 N.J. 423 (1958). Lake Intervale recognized municipal subdivision control over lots delineated in an old filed map, at least where the entire tract remains substantially undeveloped, but struck down as arbitrary and discriminatory the imposition of the total cost of the extension of water mains required by the subdivision ordinance upon one relatively small-scale developer of scattered lots within a partially developed tract. According to Lake Intervale,
... where the owner of a tract of land filed a subdivision map and has taken no further action prior to the time of the adoption of a subdivision regulation ordinance, then the lot lines delineated on the old map may be ignored for purposes of determining whether a "subdivision" exists under N.J.S.A. 40:55-1.2 of the Planning Act of 1953.
The Old Map Act was hardly more than a conveyancing aid. Magnolia Development Co. v. Coles, 10 N.J. 223, 226 (1962). [28 N.J. at 432-433]
In our view, Lake Intervale is no warrant for the exemption of plaintiff's property from applicable subdivision requirements. See, also, Loechner v. Campoli, 49 N.J. 504, 509-510 (1967).
Legislation granting authority to municipalities should be liberally construed in favor of the exercise of that authority. N.J.Const. (1947), Art. IV, § VII, ¶ 11. The legislative purpose of the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., in vesting authority in municipalities to enact subdivision ordinances is to protect the public interest by, among other things, requiring installation of necessary improvements and assuring their installation through a performance bond or other security posted by a developer, such as plaintiff, prior to subdivision approval. See Divan Builders v. Wayne Tp. Planning Bd., 66 N.J. 582, 595-597 (1975).
We conclude that plaintiff's conveyance of a single lot out of its contiguous tract was invalid without subdivision approval. We reverse and remand with directions to enter summary judgment in favor of defendants. We do not retain jurisdiction.