**EMERALD LAKES, INC., Appellant,**

**v.**

**SOUTH RUSSELL PLANNING COMMISSION, Appellee.**

[Cite as *Emerald Lakes, Inc. v. South Russell Planning Comm.* (1991), 74 Ohio App.3d 74.]

Court of Appeals of Ohio,
Geauga County.

No. 90–G–1580.

Decided May 13, 1991.

*Sheldon Berns,* for appellant.

*Dale H. Markowitz* and *David M. Ondrey,* for appellee.

CHRISTLEY, Presiding Judge.

Appellant, Emerald Lakes, Inc., is the owner of a parcel of land located in the village of South Russell. Appellant is a developer that submitted an application for approval of a preliminary plat for seventy single lots which was subsequently disapproved by appellee, Planning Commission of the village of South Russell. It is undisputed that the sole reason for the disapproval was that appellant had failed to prove the existence of adequate ground water resources for the proposed development.

Appellant appealed the appellee's decision disapproving its plat to the Geauga County Court of Common Pleas pursuant to R.C. 2506.01 *et seq.* The court of common pleas in its May 16, 1990 judgment entry affirmed the action by appellee and entered judgment against appellant.

Appellant timely filed its notice of appeal on June 11, 1990, raising the following assignment of error:

"The trial court erred in affirming the decision of the Village's Planning Commission denying approval of Emerald Lakes' amended subdivision plat."

Within the assignment, appellant raises two issues. In the first issue, appellant asserts that R.C. 711.09 is the sole source of authority for the adoption by appellee of rules and regulations with regard to the approval of subdivision plats.

In pertinent part, R.C. 711.09 provides:

"The planning commission, platting commissioner, or legislative authority of a village may adopt general rules governing plats and subdivisions of land falling within its jurisdiction in order to secure and provide for the coordination of the streets within the subdivision with existing streets and roads or with the plan or plats of the municipal corporation, for the proper amount of open spaces for traffic, circulation, and utilities, and for the avoidance of future congestion of population detrimental to the public health or safety but shall not impose a greater minimum lot area than forty-eight hundred square feet.   * * * "

In other words, a planning commission is to be concerned with the "mechanical" or engineering aspects of subdivisions and plats, rather than their usage.

The current dispute arises in appellee's enforcement of a provision contained in Appendix F.02 of the Subdivision Regulations of the village. That provision provides:

"Where a governmental water supply is not available, the developer shall supply acceptable evidence of the availability of water for each lot or unit within the Subdivision."

Basically, appellant is arguing that R.C. 711.09 is the sole source of authority in this matter, and that Appendix F.02, which requires evidence of the availability of water as a condition of approval of a subdivision plat, is beyond appellee's authority. Appellant asserts further that Appendix F.02 conflicts with, rather than supplements, R.C. 711.09 in that it imposes additional requirements.

When reviewing this same argument, the court of common pleas found that the rule deals with a legitimate concern of a village planning commission as envisioned by the legislature. Specifically, the court concluded that preventing an inadequate water supply was "pertinent to the avoidance of future congestion of population as being detrimental to public health."

Although research has not found case law directly on point, it is clear that the government and the courts have a legitimate interest in ensuring and protecting an adequate public water supply. See *Ketchel v. Bainbridge Twp.* (1990), 52 Ohio St.3d 239, 557 N.E.2d 779.

Appellant's reading of R.C. 711.09 is too narrow. Appellee's function is to be more than a rubber stamp. In *C & D Partnership v. Gahanna* (1984), 15

Ohio St.3d 359, 362, 15 OBR 480, 483, 474 N.E.2d 303, 306, the court determined that reviewing plats requires a high degree of discretion. That "discretion extended beyond a determination as to whether the plat was technically in compliance with code specifications." *Id.*

As previously stated, R.C. 711.09 permits a planning commission to legislate rules for the purpose of "the avoidance of future congestion of population detrimental to the public health or safety." We find that in enacting and in applying Appendix F.02, the commission acted within its authority. Therefore, the first issue is without merit.

■ Similar to the first, the second issue addressed in appellant's assignment is whether R.C. 711.09 authorized the rejection of appellant's plat due to its failure to supply evidence of sufficient water to service each of the sublots in the proposed subdivision.

Once again, appellant argues that the planning commission has rulemaking power only to (1) coordinate streets, (2) provide for the proper amount of open space for traffic, circulation and utilities, and (3) avoid future congestion.

Appellant argues that platting statutes such as R.C. 711.09 are not a substitution for zoning. This court agrees that a failure to comply with a village ordinance may be an unreasonable reason to deny an application to record a plat, *Gates Mills Investment Co. v. Parks* (1971), 25 Ohio St.2d 16, 54 O.O.2d 157, 266 N.E.2d 552, but that is not the case presently before the court.

Under the current circumstances, Appendix F.02 is a planning commission regulation as opposed to a zoning ordinance. *Ketchel, supra,* as cited by appellant is not persuasive as it deals with a zoning request rather than a plat denial. As previously mentioned, zoning goes to "use" whereas a planning commission deals with the "mechanical" aspects. A planning commission has power to supplement R.C. 711.09 if the supplement concerns future congestion and public health.

Therefore, this second issue is without merit and accordingly the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.