DECISION AND JUDGMENT ENTRY
Jack and Iris McCrady appeal the order revoking their right to visitation with Bradley and Jamie McCrady. They assign the following errors:
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY REJECTING IT'S [SIC] INHERENT JURISDICTION, OVER THE SUBJECT MATTER OF THE BEST INTEREST OF THE CHILDREN.
 (Judgment Entries, dated 12-1-99 3-22-00 attached hereto as Appendix-B, C)
ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT'S ORDER RESCINDING THE CHILDREN'S VISITATIONS WITH THEIR PATERNAL GRANDPARENTS, AFTER THREE YEARS WITHOUT INCIDENTS HARMFUL TO THE CHILDREN, WAS AGAINST THE BEST INTEREST OF THE CHILDREN AND CONTRARY TO R.C. 2151.01 AND JUV.R. 1(B)(3).
(Judgment Entries, Appendix-B, C)
Bradley (D.O.B. 5/8/92) and Jamie (D.O.B. 6/19/95) McCrady are the sons of Jack D. McCrady II Jennifer L. McCrady. In September 1996, Jennifer McCrady was murdered. Shortly thereafter, Jack McCrady II was charged with her murder and convicted. He is currently imprisoned for this offense. Appellants are the boys' paternal grandparents and appellees are their maternal grandparents.
In October 1996, appellees filed a complaint for custody of the boys and were granted temporary custody pending a hearing. Prior to the hearing, appellants and appellees reached an agreement whereby appellees would retain custody of the children and appellants would receive visitation. The court approved this agreement.
Appellants visited with the boys monthly. In July 1999, however, appellees filed a motion with the court to modify the prior agreement and to revoke appellants' visitation rights. In their motion, appellees alleged that the court was without jurisdiction to grant visitation to appellants so the prior order was void. In December 1999, the court issued a judgment granting appellees' motion and denying appellants further visitation with their grandchildren. Appellants timely appealed from this order.
Appellants then filed a motion to stay the appeal and remand to the trial court for a decision on a Civ.R. 60(B) motion. We granted the motion and the case was remanded. The trial court overruled appellants' Civ.R. 60(B) motion and appellants filed a timely notice of appeal from that decision. We granted appellants' motion to consolidate both appeals.
In their first assignment of error, appellants assert that the trial court erred in finding that it did not have jurisdiction to grant visitation to appellants. Appellants argue that the trial court must act in the children's best interest pursuant to R.C. 2151.23(A)(2) and that the court has jurisdiction to authorize grandparent visitation where it is appropriate.
Whether a court has jurisdiction of the subject matter of an action is a question of law. Burns v. Daily (1996), 114 Ohio App.3d 693. Therefore, we conduct a de novo review.
R.C. 2151.23(A)(2) states that "[t]he juvenile court has exclusive original jurisdiction under the Revised Code * * * [t]o determine the custody of any child not a ward of another court of this state[.]" Pursuant to this jurisdiction, the court awarded custody of Bradley and Jamie to appellees back in 1996.
Appellants argue that this statute vests the court with continuing jurisdiction to address the children's needs, including visitation. The Supreme Court of Ohio rejected this argument in In re Gibson (1991),61 Ohio St.3d 168. In Gibson, a grandfather sought visitation rights and argued that R.C. 2151.23(A)(2) allows a juvenile court to determine visitation based on its power to determine custody. Id. at 170.
The Supreme Court noted that "visitation" and "custody" are distinct legal concepts. Id. at 171. "Custody" is granted to the party who has "the right to ultimate legal and physical control of a child." Id.
"Visitation" is granted to a "noncustodial party and encompasses that party's right to visit the child." Id. "Although a party exercising visitation rights might gain temporary physical control over the child for that purpose, such control does not constitute `custody' because the legal authority to make fundamental decisions about the child's welfare remains with the custodial party and because the child eventually must be returned to the more permanent setting provided by that party." Id. A grandparent's complaint seeking visitation with a grandchild cannot be determined by the juvenile court pursuant to its authority to determine the "custody" of children under R.C. 2151.23(A)(2). Id. at syllabus.
The Supreme Court also noted that courts do not have inherent equitable jurisdiction to determine a child's best interest. Id. at 172. Rather, "[t]he juvenile court possesses only the jurisdiction that the General Assembly has expressly conferred upon it." Id., citing Section 4(B), Article IV of the Ohio Constitution. Furthermore, grandparents have no common law right of access to their grandchildren or constitutional right of association with their grandchildren. In re Whitaker (1988),36 Ohio St.3d 213, 214; In re Schmidt (1986), 25 Ohio St.3d 331, 336. If grandparents are to have visitation rights, these rights must be provided for by statute. Whitaker at 217.
Grandparent visitation has been authorized in three situations: (1) in divorce, dissolution, legal separation or annulment proceedings (R.C.3109.051); (2) where the parent of the child is deceased (R.C. 3109.11); and (3) where the child is born to an unmarried mother, and the father has either acknowledged paternity of the child pursuant to R.C. 2105.18, or has been determined to be the child's father in an action brought under R.C. Chapter 3111 (R.C. 3109.12[A]). In re Martin (1994),68 Ohio St.3d 250, 253.
R.C. 3109.051 is inapplicable here because there was never a divorce, dissolution, legal separation or annulment proceeding between Jennifer and Jack McCrady II. R.C. 3109.11 provides visitation rights to the relatives of a deceased parent. Since appellants' son is still living, this statute would likewise be inapplicable. R.C. 3109.12(A) applies only when a child is born to an unmarried woman. Jennifer and Jack McCrady II were married so this statute does not apply.
In sum, the trial court correctly ruled that it did not have jurisdiction to award visitation to appellants. The court can only determine that visitation is in the best interest of Bradley and Jamie if it first determines that it has jurisdiction to award such visitation. Since no such jurisdiction exists, the court did not err in failing to address the best interest of the children. Appellants' first assignment of error is overruled.
In their second assignment of error, appellants argue that the court erred in rescinding visitation after three years because such a decision was against the best interest of the children and contrary to R.C.2151.01 and Juv.R. 1(B)(3). Again, we disagree.
Appellants argue that even if the court did not have jurisdiction three years ago, the court should be bound by its decision because it chose to exercise jurisdiction and appellees did not object. We agree that it seems unfair that appellees allowed visitation in exchange for appellants not objecting to their receipt of custody of the children and then, three years later, appellees moved to rescind those visitation rights. However, it is a fundamental proposition that parties cannot confer subject matter jurisdiction on a court by consent. Fox v. Eaton Corp.
(1976), 48 Ohio St.2d 236, 238, overruled on other grounds by Manning v.Ohio State Library Bd. (1991), 62 Ohio St.3d 24. Further, subject matter jurisdiction cannot be acquired based upon estoppel or waiver arising from the acts of the parties. Gates Mills Inv. Co. v. Parks (1971),25 Ohio St.2d 16, 19-20. The law alone confers jurisdiction and, as we have already noted, no statute confers jurisdiction on the juvenile court to award visitation in a case such as this.
As the lower court noted, if a court lacks subject matter jurisdiction, any order or judgment entered is null and void. State exrel Beil v. Dota (1958), 168 Ohio St. 315, 319. Therefore, the court was correct in declaring the portion of its custody order awarding appellants visitation rights void.
Appellants further argue that the court ignored the mandates of R.C.2151.01 and Juv.R. 1(B)(3) which require that the juvenile court act in children's best interest. As noted previously, however, the court could not reach this best interest test unless it first had jurisdiction. The court did not have jurisdiction and, therefore, did not err in failing to determine whether it was in Bradley and Jamie's best interest to visit with their grandparents. Appellant's second assignment of error is overruled.
Appellants did not specifically assign as error the court's denial of their Civ.R. 60(B) motion. However, they referred to the court's second order denying this motion in both their assigned errors. Therefore, in the interest of justice, we will briefly discuss the Civ.R. 60(B) motion.
A motion for relief from judgment pursuant to Civ.R. 60(B) is addressed to the sound discretion of the trial court and we must not disturb the ruling absent a showing of an abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169.
Civ.R. 60(B) allows the trial court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate:
 (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated above; and (3) timeliness of the motion. Rose Chevrolet v. Adams
(1988), 36 Ohio St.3d 17, 20.
In their Civ.R. 60(B) motion, appellants argued that the court should have considered the children's best interest and that the court had jurisdiction to grant them visitation. The court rejected this argument and reiterated that it did not have jurisdiction to grant appellants visitation. Since we have reached the same conclusion, the trial court did not abuse its discretion in denying appellants' Civ.R. 60(B) motion.
Having denied both of appellants' assignments of error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Abele, J. Evans, J.: Concur in Judgment and Opinion
 _________________________ William H. Harsha, Judge