I would affirm the decision of the trial court denying Appellant Alihassan's motion to dismiss. I would also affirm the decision of the trial court reversing the decision of the Planning Commission. However, I would do so by addressing the merits of appellee's appeal and conclude, as appellant argues in his appeal to the trial court, that the Planning Commission's "* * * approval of the variance * * * was illegal, arbitrary, capricious, unreasonable, unlawful and unsupported by a preponderance of substantial, reliable and probative evidence. I base my conclusion on the fact that the Planning Commission exceeded its authority when it approved appellant's site plan because the Planning Commission did not have the authority to grant a variance concerning setback requirements.
In its judgment entry, the trial court specifically found that the Planning Commission did not have the authority to grant a setback variance. In so concluding, the trial court held:
 While the Planning Commission is granted authority to modify the Subdivision Regulations contained in Title One of the Codified Ordinances of Alliance, Planning and Zoning Code (Section 113.01), there is no provision granting it authority to vary the requirements of the Zoning Ordinance. The granting of variances is included in the `jurisdiction' of the Board of Zoning Appeals as set forth in Section 1145.03, as follows:
1145.03 JURISDICTION
 The Board [of Zoning Appeals] shall adopt such rules and regulations in accordance with this Zoning Ordinance as may be necessary to carry into effect the powers and jurisdiction confirmed upon it as follows:
* * *
 (b) To hear and decide upon appeal whether a variance should be granted from the provisions of this Zoning Ordinance when, owing to exceptional circumstances, a literal enforcement of the provisions of this Zoning Ordinance will result in an unnecessary hardship, and when granting of such variance will not be materially detrimental to the purpose of this Zoning Ordinance. (Emphasis sic.) Judgment Entry, Nov. 22, 1999, at 9.
In the case sub judice, the City of Alliance's Planning Commission had no authority to grant a setback variance. Thus, when the Planning Commission granted a setback variance, it exceeded its scope of subject matter jurisdiction. Subject matter jurisdiction cannot be waived. See, e.g., Gates Mills Invest. Co. v. Parks (1971), 25 Ohio St.2d 16,20.
In support of my conclusion, I cite to the case of Time Warner AxS v.Pub. Util. Comm. (1996), 75 Ohio St.3d 229, in which the Ohio Supreme Court reversed a decision of the Public Utilities Commission on the basis that the commission exceeded the scope of its statutory authority when it used alternative rate-setting methods to establish basic local exchange service rates. Id. at 233. Accordingly, I would affirm the trial court's decision reversing the decision of the Planning Commission on the basis that the Planning Commission lacked subject matter jurisdiction to grant a setback variance.
JUDGE JOHN W. WISE
 JUDGMENT ENTRY
CASE NO. 199CA00402
For the reasons stated in the Memorandum-Opinion on file, the Judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.